318 S.E.2d 48

**STATE of West Virginia ex rel. the COUNTY COMMISSION OF PUTNAM COUNTY, et al.**

v.

**The BOARD OF PUBLIC WORKS OF the STATE OF WEST VIRGINIA, et al.**

**Case No. 16230.**

Supreme Court of Appeals of West Virginia.

March 29, 1984.

Rehearing Denied July 11, 1984.

Chauncey H. Browning, Atty. Gen., Jack C. McClung, Deputy Atty. Gen. and Robert P. Howell, Asst. Atty. Gen., Charleston, for appellants.

Leo Catsonis, Charleston, for appellees.

HARSHBARGER, Justice:

Appalachian Power Company's John Amos generating plant is in Putnam County. Lines extending from that plant carry electricity to twenty-seven West Virginia counties. The Putnam County Commission sued the West Virginia Board of Public Works and our state Auditor to change the manner in which the board and auditor apportioned the value of the plant property for tax purposes.

According to W.Va.Code, 11–6–13 [1925], after the board has assessed the value of utility company property, "the auditor shall immediately apportion to each county, in which any part of such property is situated, the value of the property therein of every such owner or operator as valued or assessed...." [1]

___

1. W.Va.Code, 11–6–13 [1925], read, *in toto:*

"In case the list and valuation of the property filed with the tax commissioner as aforesaid, be

For more than thirty years this auditor and his predecessors have given to counties in which APCO's generators are located, twenty-five percent of the assessed value, and then apportioned the other seventy-five percent to counties served by those generators based on the "pole-miles" within each county. The commission posited that the auditor had no discretion to decide upon a fair and equitable apportionment because the statute compelled him to divide the assessed value only according to the value of physical property in a county, without regard to the value of a generating plant in another county.

The commission sought a writ of mandamus in Kanawha County Circuit Court in November, 1982. A hearing was held on December 10, 1982, and the circuit court issued a writ on February 6, 1984 declaring that W.Va.Code, 11–6–13 was unambiguous and mandatory, and that the auditor had to give Putnam County that portion of assessed value as represented by APCO's property located in Putnam County without regard to pole-miles of lines in the twenty-seven counties served by the Putnam County generator. The board of public works and auditor were denied a stay in circuit court, but we granted a stay pending our resolution of the board's appeal.

After this appeal was granted and while our stay was in effect, but before oral arguments, the West Virginia Legislature, in its Regular 1984 Session, passed Senate Bill 696 that amended Code, 11–6–13, as follows:

In case the list and valuation of the property filed with the tax commissioner as aforesaid, be satisfactory to the board of public works, or upon assessment of the property of such owner or operator being made by the board of public works as aforesaid, the auditor shall immediately apportion to each county, both as to the fixed situs property and the nonfixed but distributable and apportionable operating property, the relative value of such operating property within each county to the value of the total operating property within the state, to be determined upon such factors as the auditor shall deem proper and in respect to the value of property of every such owner or operator as valued or assessed as aforesaid; and further shall apportion such value as aforesaid among the several districts, school districts and independent school districts therein, according to the value thereof, as near as may be and forthwith shall certify to the county commission of such county the values so apportioned. The clerk of the county commission shall forthwith certify such values to the several districts, school districts, independent school districts and municipalities, respectively, in such county.

Inasmuch as there is currently litigation challenging the long term apportionment method and manner consistently engaged in by the state auditor under the provisions of this section and by which the valuation of operable public service corporations properties, for ad valorem tax purposes, were apportioned; and which method or manner is nationally recognized as a proper apportionment of operating properties and values without fixed situs but requiring fair apportionment, which proper method is hereby approved fully and codified by this section for the purpose of setting forth sufficient minimal guidelines as a basis from which the auditor is hereby authorized to promulgate reasonable rules and regulations in respect to such long term con-

satisfactory to the board of public works, or in case assessment of the property of such owner or operator is made by the board of public works as aforesaid, the auditor shall immediately apportion to each county, in which any part of such property is situated, the value of the property therein of every such owner or operator is valued or assessed as aforesaid, and further shall apportion such value among the several districts, school districts and independent school districts therein, and a proportional valuation to each municipality therein, in which any part of such property is situated, according to the value thereof, as near as may be, and forthwith shall certify to the county court [county commission] of such county the values so apportioned. The clerk of the county court [county commission] shall forthwith certify such values to the several districts, school districts, independent school districts and municipalities, respectively, in such county."

sistently engaged in apportionment method. All calculations, apportionments, distributions or other required actions by the state auditor in respect to the requirements of this section or related statutes in connection with his duties of apportionment are hereby directed to proceed in timely manner and on the basis of said approval and codification of such long term prior apportionment method.

This bill became effective March 10, 1984 and resolved this case, by declaring that the apportionment method consistently used by the auditor is proper. Therefore, this case is moot.

It is ORDERED, ADJUDGED and DE-CREED that this appeal be dismissed. Service of a copy of this order shall have the same effect as service of a formal writ.